UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| DANA P. HICKS | * | CHAPTER 13 |
| 103 SMITH COURT | * | 17-51675 |
| EATONTON, GA 31024 | * | |
| SS# XXX-XX-7662 | * | |
| Debtor(s) | * | |

## MODIFICATION OF CHAPTER 13 PLAN BEFORE CONFIRMATION

Now comes the above debtor(s) and files this motion for modification as follows:

1.

The above case was filed on August 4, 2017. There has been a change of circumstance and, therefore, the Plan must be modified.

2.

Debtor(s) has modified the plan to set up under paragraph 2(e) United Consumer Financial Services to be paid $2192.44 at 5% with a monthly payment of $43.00. The collateral attached to the debt is a Rainbow Vacuum.

3.

After notice and opportunity for objections, the plan as modified shall become the debtor's plan.

Wherefore, the debtor(s) pray that this motion for modification be approved.

Respectfully Submitted,

/S/ REBECCA F. HOWINGTON
REBECCA F. HOWINGTON
Attorney for Debtor(s)
Ga. State Bar #672909

187 Roberson Mill Road
Milledgeville, Georgia 31061
478 804-9971

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| DANA P. HICKS | * | CHAPTER 13 |
| 103 SMITH COURT | * | 17-51675 |
| EATONTON, GA 31024 | * | |
| SS# XXX-XX-7662 | * | |
| Debtor(s) | * | |

NOTICE OF MOTION TO MODIFY CHAPTER 13 PLAN BEFORE CONFIRMATION

DANA P. HICKS, IN THE ABOVE-STYLED BANKRUPTCY MATTER, HAS FILED DOCUMENTS WITH THE COURT TO MODIFY DEBTOR'S C HAPTER 13 PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. **If you do not have an attorney, you may wish to consult one**. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

**The confirmation is scheduled for October 16, 2017,** in courtroom B, US Bankruptcy Court, 433 Cherry Street, Macon, GA. If you do not want the court to grant this motion, or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response within 21 days from the date of this notice **and attend the scheduled hearing**. If you are receiving this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f). The objection or response should be sent to:

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
P. O. Box 1957
Macon, Georgia 31202

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the movant.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief south in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to L.B.R. 3015-2 (d)(2)(B).

    Dated this September 14, 2017.

                                            /S/ REBECCA F. HOWINGTON
                                            REBECCA F. HOWINGTON
                                            Attorney for Debtor/Movant
                                            GA State Bar # 672909
                                            187 Roberson Mill Road

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| DANA P. HICKS | * | CHAPTER 13 |
| 103 SMITH COURT | * | 17-51675 |
| EATONTON, GA 31024 | * | |
| SS# XXX-XX-7662 | * | |
| Debtor(s) | * | |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY a true and correct copy of the attached document, Modification of Chapter 13 Plan Before Confirmation and Notice, was sent (1) via electronic notice to parties who are ECF Filers and Consenting Users, (2) via electronic notice to ECF Filers and Consenting Users who represent parties, and (3) mailed postage prepaid to all other interested parties at their addresses shown below and the attached Creditor's Matrix.

    This 14th day of September, 2017.

    /s/ Rebecca F. Howington
    REBECCA F. HOWINGTON

Chapter 13 Trustee
PO Box 954
Macon, GA 31202

UNITED STATES BANKRUPTCY COURT
Middle District of Georgia

DEBTOR  **Dana P. Hicks**       *   Chapter 13
                                *   Case No.

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $1080.00 BI-WEEKLY.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| -NONE- | | |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Ford Motor Credit | 200.00 |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|
| Ford Motor Credit | 43000.00 | 5.0 | 2017 Ford Explorer | 838.00 |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| UNITED CONSUMER FINANCIAL SERVICES | 2192.44 | 2192.44 | 5.0 | RAINBOW VACUUM | 45.00 |

(f) *Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of $__3250.00__ to be paid as follows:

| | MONTHLY PAYMENT AMOUNT |
|---|---|
| Pursuant to the Administrative Order on Attorney Fee Awards | 3250.00 |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| -NONE- | | | | |

(h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| -NONE- | |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of %.(If this is left blank, no interest will be paid).

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| -NONE- | |

(j) The following unsecured claims are classified to be paid at 100%. These payments **will / will not** be made simultaneously with payment of the secured debt:

**-NONE-**

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:

**DEBTOR SHALL CONTINUE TO PAY the mortgage to STERN FINANCIAL SERVICES DIRECTLY.**

(m) Special provisions:

IN THE EVENT THE MORTGAGE CREDITOR FILES A CLAIM WHEREBY THERE EXIST ARREARS OWED ON THE MORTGAGE, THE ARREARS SHALL BE PAID THROUGH THE CHAPTER 13 PLAN ACCORDINGLY.

After completion of plan and discharge all titles to vehicles serving as collateral for claims treated under the plan will be returned to the debtor with liens released.

UNSECURED CREDITORS THAT FILE TIMELY CLAIMS SHALL BE PAID AT AN INTEREST RATE OF 5.5%.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

　　(i) Debtor will pay all of his disposable income as shown on Form B22C of $**255274.80** to the non priority unsecured creditors in order to be eligible for a discharge.

　　(ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $**0.00**. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

　　(iii) The debtor will pay $**0.00** to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid:

    (1) ____% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii), or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

    (2) the debtor(s) will make the payments for __58__ months and anticipates a dividend of __100__, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor at the time of confirmation shall be insured by the debtor. The chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date **September 14, 2017**          Signature **/s/ Dana P. Hicks**
                                                                                   **Dana P. Hicks**
                                                                                   Debtor

*If debtor's attorney wishes to be paid according to the Court's administrative order on attorney's fees include the phrase "pay according to the administrative order" in the blank space and make no other payment provision.

```
American Express
P.O. Box 1270
Newark, NJ 07101

Bank Of America, NA
P.O. Box 851001
Dallas, TX 75285-1001

Chase Slate
PO Box 15123
Wilmington, DE 19850

Citi Cards
P.O. Box 9001037
Louisville, KY 40290

Credit One
P.O. Box 60500
City Of Industry, CA 91716-0500

DILLARDS
PO BOX 965024
ORLANDO, FL 32896

Discover
PO Box 71084
Charlotte, NC 28272

Ford Motor Credit
One American Rd
Dearborn, MI 48126

GA DEPT OF REVENUE
1800 CENTURY BLVD NE STE 9100
ACCOUNTS RECEIVABLE COLLECTIONS SECTION
ATLANTA, GA 30345

Internal Revenue Service
Bankruptcy Unit
P.O. Box 7346
Philadelphia, PA 19101-7346

STERN FINANCIAL SERVICES
2234 RICHMOND AVE
Houston, TX 77098

The Home Depot
PO Box 78011
Phoenix, AZ 85062
```